**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL MAYER, <br><br> Defendant. | No. CR 09-4051-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING PROSECUTION'S MOTION FOR PRELIMINARY RULING ON ADMISSIBILITY OF EVIDENCE** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Charges* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Failed Plea Negotiations* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *C. The Prosecution's Evidentiary Motion* . . . . . . . . . . . . . . . . . . . . 6

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *A. Rule 104* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *B. Rules 11(f) And 410* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      *1.   Protection of plea negotiations* . . . . . . . . . . . . . . . . . . . . . 8
      *2.   Waivability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *C. Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
      *1.   Waiver in light of Eighth Circuit precedent* . . . . . . . . . . . . 11
      *2.   Applicability of a more restrictive waiver standard* . . . . . . . . 12

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

The prosecution's evidentiary motion in this case raises the question of whether the defendant's factual stipulations in a plea agreement on which the defendant failed to follow through are admissible at trial on the sex offense charges against him. Although the defendant acknowledges that the factual stipulations are admissible under Eighth Circuit precedent, he contends that out-of-circuit law warrants a different result.

## *I. INTRODUCTION*

### *A. Charges*

In an Indictment (docket no. 1) handed down September 16, 2009, defendant Michael Mayer was charged with three sex offenses allegedly committed in or between May 2008 and August 2008. Somewhat more specifically, **Count 1** charges Mayer with sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e); **Count 2** charges Mayer with receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1); and **Count 3** charges Mayer with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Mayer pleaded not guilty to these charges on October 6, 2009. A jury trial in this case was originally set for December 7, 2009.

### *B. The Failed Plea Negotiations*

By Order (docket no. 20), dated November 4, 2009, Mayer's trial was continued to January 4, 2010, upon the prosecution's Motion To Continue (docket no. 19), because one of its essential witnesses was unavailable on the previously scheduled trial date. By Order (docket no. 23), dated December 17, 2009, the trial was continued again to

February 22, 2010, this time on the defendant's motion (docket no. 21), to allow the parties to pursue settlement discussions.

Those settlement discussions appeared to bear fruit, because by Order (docket no. 25), dated January 27, 2010, the court set a guilty plea hearing for Mayer for February 9, 2010, upon notice from the parties that Mayer had entered into a plea agreement. According to a Motion To Continue (docket no. 28), filed February 2, 2010, however, Mayer informed counsel on February 1, 2010, that he would not enter a change of plea and demanded, instead, that his case proceed to trial, so that counsel required additional time to prepare for trial. Therefore, by Order (docket no. 29), dated February 3, 2010, the jury trial in this matter was continued again to May 19, 2010.

By Order (docket no. 38), the court set a second plea hearing for defendant Mayer for May 11, 2010, upon another notice from the defendant that he would be pleading guilty pursuant to a plea agreement. This time, Mayer had signed a "non-cooperation" plea agreement on May 5, 2010, and had initialed each paragraph, his counsel had signed the plea agreement on May 6, 2010, and the prosecutor had signed the plea agreement on May 7, 2010. The plea agreement provided that defendant Mayer would plead guilty to **Count 1** of the Indictment, the charge of exploitation of children in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Prosecution's Motion For Preliminary Ruling On Admissibility Of Evidence (docket no. 73), Exhibit 1 (Plea Agreement), ¶ 1. The plea agreement also included a detailed stipulation of facts, *id.* at ¶ 8; set out the consequences of breach of the plea agreement, *id.* at ¶ 24; and contained representations of the competence and completeness of defense counsel's conduct in the case and the voluntariness of Mayer's guilty plea, *id.* at ¶¶ 27-28.

More specifically, the plea agreement provided an express waiver of rights concerning use of the factual stipulation in the plea agreement, if Mayer breached the agreement, as follows:

> 8. By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees that these facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

Plea Agreement, ¶ 8. The plea agreement stated the consequences of breach of its terms, as follows:

> 24. If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously

4

dismissed charges and/or pursue additional charges against defendant and may use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

Plea Agreement, ¶ 24 (emphasis in the original). Finally, the plea agreement provided as follows concerning the voluntariness of Mayer's entry into the plea agreement:

> 27. Defendant acknowledges defendant has read each of the provisions of this entire agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. . . . Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.
> 28. Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

Plea Agreement, ¶¶ 27-28.

Mayer did not plead guilty as scheduled on May 11, 2010. Instead, by Order (docket no. 46), dated May 13, 2010, the court granted the defendant's motion (docket no. 42) for a competency evaluation and canceled the May 19, 2010, trial. After a competency hearing on June 30, 2010, Mayer was found competent to stand trial, so trial was reset for August 2, 2010. *See* Order (docket no. 55). By Order (docket no. 61), dated July 8, 2010, the court again continued the trial to August 23, 2010, this time to accommodate a conflict in defendant's counsel's schedule. By Order (docket no. 66), dated July 23, 2010, the court again continued the trial to its present date of October 25, 2010, again to accommodate defense counsel's schedule.

The court has been notified that Mayer now intends to plead guilty to **Counts 2** and **3**, the charges of receiving and possessing child pornography, but that he still intends to go to trial on October 25, 2010, on the exploitation of children charge in **Count 1**. A plea hearing has been set for later today. Because Mayer still intends to go to trial on **Count 1**, even if he pleads guilty to **Counts 2** and **3**, the prosecution's evidentiary motion now before the court is not moot.

### *C. The Prosecution's Evidentiary Motion*

This case is before the court on the prosecution's October 8, 2010, Motion For Preliminary Ruling On Admissibility Of Evidence (docket no. 73), requesting that the court rule on the admissibility at trial of stipulated facts from the plea agreement on which Mayer did not follow through. Mayer filed a Response (docket no. 74) on October 15, 2010, recognizing that the evidence in question is admissible pursuant to current Eighth Circuit law, but asserting that it should nevertheless be excluded.

More specifically, in its motion, the prosecution seeks to introduce into evidence at trial the factual stipulations in paragraph 8 of the plea agreement pursuant to

6

paragraphs 8 and 24 of the plea agreement. The prosecution argues that Rule 410 of the Federal Rules of Evidence makes statements in plea discussions inadmissible, except in certain circumstances not present here, while Rule 11(f) of the Federal Rules of Criminal Procedure provides that the admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Rule 410 of the Federal Rules of Evidence. However, the prosecution points out that the Eighth Circuit Court of Appeals has recognized, for example, in *United States v. Quiroga*, 554 F.3d 1150 (8th Cir. 2009), that a defendant's rights under Rule 410 are waivable by agreement, unless there is some affirmative indication that the agreement was entered into unknowingly or involuntarily. Here, the prosecution argues that paragraph 8, which Mayer initialed, is a knowing and voluntary waiver of Mayer's Rule 410 rights, if he breaches the plea agreement or does not plead guilty, and that Mayer has not indicated that his acceptance of the plea agreement was unknowing or involuntary. Indeed, the prosecution argues that paragraphs 27 and 28 of the plea agreement demonstrate that Mayer entered into the plea agreement knowingly and voluntarily.

In response, Mayer acknowledges that it appears that under the current state of Eighth Circuit law, the evidence in question is admissible. He argues, however, that in a case such as this, in which the plea agreement was never confirmed through a formal plea colloquy, and where he is asserting a defense of actual innocence, the more restrictive reading of the Supreme Court's decision in *Mezzanatto*, 513 U.S. 196, 201 (1995), set out in decisions in other circuits, such as *United States v. Newbert*, 504 F.3d 180 (1st Cir. 2007), is appropriate, and the plea agreement should be inadmissible. Thus, he objects to the admission of the plea agreement for the purposes of making a record.

The court does not find that an evidentiary hearing or oral arguments are necessary on the prosecution's motion.

## II. LEGAL ANALYSIS

### A. Rule 104

As a preliminary matter, the court notes that Rule 104 of the Federal Rules of Evidence provides, generally, that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court. . . ." FED. R. EVID. 104. Such preliminary questions may depend upon such things as whether the factual conditions or legal standards for the admission of certain evidence have been met. *See id.*, Advisory Committee Notes, 1972 Proposed Rule. This rule, like the other rules of evidence, must be "construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that truth may be ascertained and proceedings justly determined." FED. R. EVID. 102. The court concludes that preliminary determination of the admissibility of the factual stipulations in the plea agreement that Mayer did not follow through on will likely serve the ends of a fair and expeditious presentation of issues to the jury. Therefore, the court turns to consideration of the merits of the prosecution's evidentiary motion.

### B. Rules 11(f) And 410

#### 1. *Protection of plea negotiations*

Rule 11(f) of the Federal Rules of Criminal Procedure provides that "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." FED. R. CRIM. P. 11(f). As the prosecution acknowledges, Rule 410 of the Federal Rules of Evidence provides as follows:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

> (1) a plea of guilty which was later withdrawn;
> (2) a plea of nolo contendere;
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.
>
> However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record and in the presence of counsel.

FED. R. EVID. 410. As the Eighth Circuit Court of Appeals has explained, "Under Rule 410, statements made in the course of plea negotiations are inadmissible against the defendant." *United States v. Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009). Rules 410 and 11(f) "address both individual and systemic concerns in their attempt 'to permit the unrestrained candor which produces effective plea discussions.'" *United States v. Sylvester*, 583 F.3d 285, 288-89 (5th Cir. 2009) (quoting FED. R. CRIM. P. 11, Advisory Committee's Note (1979), with internal citations omitted).

### 2. *Waivability*

The Eighth Circuit Court of Appeals has also explained that the right in Rule 410 to be protected from use of statements made in the course of plea negotiations "is waivable by agreement, unless there is 'some affirmative indication that the agreement was entered into unknowingly or involuntarily.'" *Quiroga*, 554 F.3d at 1154 (quoting *United States v. Young*, 223 F.3d 905, 909-10 (8th Cir. 2000), in turn quoting *United States v.*

9

*Mezzanatto*, 513 U.S. 196, 210 (1995)). This court finds the circumstances in which the Eighth Circuit Court of Appeals found an effective waiver of Rule 410 rights in *Quiroga* to be instructive.

In *Quiroga*, the defendant's plea agreement provided that, if the defendant breached the agreement, the consequences included that "'all testimony and other information he has provided at any time to attorneys, employees or law enforcement officers of the government, to the court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding. . . .'" *Id.* at 1154 (quoting the plea agreement). The parties in *Quiroga* agreed that this language, if enforceable, constituted a waiver of the defendant's rights under Rule 410. *Id.*

The defendant argued, however, that his waiver of Rule 410 rights in the plea agreement could not be knowing and voluntary, where the district court allowed him to withdraw his guilty plea, because he did not enter into the plea agreement knowingly and voluntarily, owing to poor advice from counsel about his possible career offender status. *Id.* at 1156-57. The Eighth Circuit Court of Appeals rejected that argument, and found that the defendant's waiver of his rights under Rule 410 was knowing and voluntary, and that the district court properly denied the defendant's motion in limine to exclude statements that he made in the plea agreement. *Id.* This was so, the court explained, for the following reasons:

> The plea agreement signed by Quiroga specified the statutory penalties for the offense to which he agreed to plead guilty: a term of imprisonment of at least ten years and up to life without the possibility of parole, a fine of $8 million, or both; a special assessment of $100; and a period of supervised release of at least eight years and up to life. (App.1). The agreement further provided that while "the parties may have discussed how various factors could impact the court's

10

> sentencing decision and the determination of the advisory sentencing guidelines range," the parties agreed that "discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the court." (App.3). The agreement also said that the defendant "understands that he will have no right to withdraw his guilty plea if the sentence imposed is other than he hoped for or anticipated." (Id.). Quiroga signed the agreement and initialed each paragraph to indicate his understanding. These admonitions were sufficient to advise Quiroga that his plea agreement and the contemplated guilty plea could result in a sentence ranging up to the statutory maximum term of life imprisonment. Under our precedents, Quiroga's misunderstanding about the application of the career offender guideline did not render the plea agreement and its waiver of rights under Rule 410 unknowing or involuntary.

*Quiroga*, 554 F.3d at 1156.

### C.  Analysis

#### 1.  *Waiver in light of Eighth Circuit precedent*

While *Quiroga* is factually distinguishable in several respects from this case, the plea agreement here provides even *clearer* indications that Mayer's waiver of his Rule 410 rights was knowing and voluntary. Like the defendant in *Quiroga*, Mayer signed the agreement and initialed each paragraph to indicate his understanding, *id.*, but paragraph 27 also expressly states that he "read each of the provisions of this entire agreement with the assistance of counsel and understands its provisions." Plea Agreement, ¶ 27. Mayer's plea agreement not only identified use of the stipulated facts therein against him as one of the consequences if he breached the agreement, *see Quiroga*, 554 F.3d at 1154; *and compare* Plea Agreement, ¶ 24 (1), it contained an express waiver of his rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal

11

Procedure in the event of a breach. *See* Plea Agreement, ¶ 8. Moreover, in paragraphs 27 and 28 of his plea agreement, Mayer acknowledged the competence of his lawyer's advice, *inter alia*, about his rights, acknowledged his freedom from any medications that might impair his judgment or understanding, and acknowledged that he was entering into the plea agreement "freely and voluntarily." Thus, as the prosecution argues, and Mayer does not dispute, Mayer's waiver of Rule 410 rights was knowing and voluntary under Eighth Circuit precedent. *See Quiroga*, 554 F.3d at 1154 (Rule 410 rights are waivable by agreement, unless there is some affirmative indication that the agreement was entered into unknowingly or involuntarily).

### 2. *Applicability of a more restrictive waiver standard*

Nevertheless, Mayer argues for more restrictive requirements for waiver, citing *United States v. Newbert*, 504 F.3d 180 (1st Cir. 2007). In *Newbert*, the First Circuit Court of Appeals considered the question of whether a defendant's successful motion to withdraw a guilty plea, based on post-plea evidence of actual innocence, constitutes a breach of the defendant's plea agreement, such that he has waived his Rule 410 and Rule 11(f) rights. *Newbert*, 504 F.3d at 185. The court found that there was no waiver of Rule 410 or Rule 11(f) rights in these circumstances. The court rejected what it described as the "absurd conclusion" that "where a court, over the government's opposition, had found a plea not knowing, intelligent, and voluntary and vacated the plea, a defendant could nonetheless be in breach of the agreement and thus deemed to have waived the defendant's Rule 410 right to exclude evidence concerning that defective plea." *Id*. at 186 (citing *Mezzanatto*, 513 U.S. at 210). The court also distinguished cases, including cases from the Eighth Circuit Court of Appeals, in which the court found knowing and voluntary waivers of Rule 410 rights, on the ground that there were no claims of actual innocence

in those cases. *Id.* (distinguishing *United States v. Swick*, 262 F.3d 684 (8th Cir. 2001), and *United States v. Young*, 223 F.3d 905 (8th Cir. 2000)).

In the first instance, the court cannot read *Newbert* to stand for the proposition that, in a case in which the plea agreement was never confirmed through a formal plea colloquy, and where the defendant is asserting *a defense* of actual innocence, the plea agreement should be inadmissible. Rather, it stands for the proposition that, where a defendant has been allowed to withdraw his guilty plea on the grounds of *post-plea* evidence of actual innocence, the withdrawal of the guilty plea is not a breach of the plea agreement and, thus, does not waive Rule 410 and Rule 11(f) rights. Whatever the correct reading of *Newbert*, however, it is not controlling. Rather, controlling precedent of the Eighth Circuit Court of Appeals establishes that a knowing and voluntary waiver of Rule 410 and Rule 11(f) rights in a plea agreement is valid and enforceable. Such a knowing and voluntary waiver occurred in Mayer's plea agreement.

The undersigned would certainly be pleased if the Eighth Circuit Court of Appeals were to relax the showing required to overcome the purported voluntariness of a waiver of Rule 410 rights in a plea agreement, or narrow the circumstances in which such a waiver is enforceable, because the consequences of the present standards for waiver of those rights upon a defendant who baulks at a guilty plea for any number of legitimate reasons are, in my view, unduly harsh. Nevertheless, whether to change the standards for enforceability of a Rule 410 waiver is a matter for the Eighth Circuit Court of Appeals to decide, not me.

Consequently, the stipulated facts from Mayer's plea agreement, on which Mayer did not follow through, are admissible at trial.

### *III. CONCLUSION*

Upon the foregoing, the prosecution's October 8, 2010, Motion For Preliminary Ruling On Admissibility Of Evidence (docket no. 73) is **granted**, and the court rules that the stipulated facts from the plea agreement on which Mayer did not follow through are admissible at trial.

**IT IS SO ORDERED.**

**DATED** this 19th day of October, 2010.

*(signature)*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA